STATE of Minnesota, Respondent,

v.

Arthur Werner STEINKE, Appellant.

No. 50044.

Supreme Court of Minnesota.

March 28, 1980.

Rehearing Denied May 12, 1980.

Robert A. Nicklaus, County Public Defender, Chaska, for appellant.

Warren Spannaus, Atty. Gen., Thomas Fabel, Deputy Atty. Gen., Elizabeth Cutter, Law Clerk, St. Paul, Scott Ballou, County Atty., Chaska, for respondent.

SHERAN, Chief Justice.

Defendant was tried in district court on an indictment charging him with first-degree murder and was found guilty by the jury of the lesser-included offense of second-degree murder, Minn.Stat. § 609.19 (1978) (intentional nonpremeditated murder). The trial court sentenced him to a limited, maximum prison term of 15 years (instead of the 40 permitted by statute). Defendant, on this appeal from judgment of conviction, contends that the evidence of his guilt was legally insufficient, that the state's firearms expert perjured herself, that the prosecutor committed misconduct, and that the trial court erred in certain evidentiary rulings and in its instructions to the jury. We affirm.

■ No useful purpose would be served by reciting the facts in any detail. Defendant admitted firing the shot that killed the victim but claimed that the gun was discharged accidentally. His actions during the period surrounding the shooting, however, suggest otherwise. There is evidence in the record that defendant armed himself with the gun in preparation for the confrontation during which the shooting occurred and that he fired a total of three shots; the expert testified that the shot that killed the victim was a hard-contact shot; and defendant's behavior after the shooting was inconsistent with that of a man who had accidentally shot someone. In short, there is no merit to the contention that the evidence of his guilt was legally insufficient.

■ Defendant's main argument is that the state's firearms expert committed per-

jury, requiring a reversal of his conviction or the grant of a new trial. During cross-examination by defense counsel, the witness was asked how she determined that debris she found on the inner clothing of the victim was unburned powder. She responded that she had used a chemical test to do so, when earlier she had insisted that she had simply relied on microscopic analysis.

We are unwilling to conclude, as defendant does, however, that the witness as a matter of law committed perjury. We agree with the district court that an experienced defense counsel is often able to elicit this kind of inconsistency while cross-examining a witness, and that it is normally for the jury to decide what significance, if any, to attach to it. Because the inconsistent statements did not render unbelievable the witness' testimony that the debris in question was unburned powder, her ultimate opinion was one on which the jury could rely.

Defendant's other contentions, relating to alleged prosecutorial misconduct and prejudicial error by the trial court in evidentiary rulings and in its instructions, are meritless.

Affirmed.